UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT E. MCDANNOLD,

        Petitioner,

v.                                  Case No. 3:07-cv-1039-J-12TEM

WALTER A. MCNEIL, et al.,

        Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Robert E. McDannold initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on November 5, 2007, pursuant to the mailbox rule.[1] Petitioner challenges a 2001 state court (Clay County, Florida) judgment of conviction for second degree murder and child abuse.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

---

[1] The Petition (Doc. #1) was filed in this Court on November 7, 2007; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (November 5, 2007). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' March 3, 2008, Answer Requesting Dismissal With

Prejudice of Untimely Petition for Writ of Habeas Corpus (Doc. #10) (hereinafter Response). In support of their contentions, they have submitted exhibits.[2] See Exhibit List (Doc. #10). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. #8), filed December 10, 2007 (allowing Petitioner thirty days to file a reply). Petitioner's Reply to the State's Answer Requesting Dismissal of Petition for the Writ of Habeas Corpus (Doc. #12) (hereinafter Reply) was filed on March 19, 2008, pursuant to the mailbox rule.

On May 3, 2002, Petitioner's judgment of conviction was affirmed on direct appeal. McDannold v. State, 816 So.2d 611 (Fla. 1st DCA 2002). Thus, Petitioner's conviction became final on August 1, 2002 (ninety days after the decision affirming the trial court). See Supreme Court Rule 13.3[3]; Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (per curiam) (holding that entry of judgment, and not the issuance of the mandate, starts the clock running for the time to petition the United States Supreme Court for certiorari review); Clay v. United States, 537 U.S. 522 (2003).

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

[3] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

3

The statute of limitations period began to run, and ran for 200 days, until Petitioner filed a state habeas petition in the Supreme Court of Florida on February 17, 2003, pursuant to the mailbox rule. Ex. A. The motion was denied on July 7, 2003. McDannold v. State, 857 So.2d 196 (Fla. 2003). Petitioner filed a Motion for Rehearing on July 20, 2003, pursuant to the mailbox rule, Ex. B, which was denied on September 4, 2003. Ex. C. Thus, the limitations period was tolled through September 4, 2003.

The limitations period began to run, and ran for 140 days, until Petitioner filed a Petition for Writ of Habeas Corpus in the First District Court of Appeal on January 22, 2004, pursuant to the mailbox rule. Ex. D. The petition was denied on March 24, 2004. McDannold v. State, 871 So.2d 211 (Fla. 1st DCA 2004). Thus, the limitations period was tolled through March 24, 2004.

The limitations period began to run on March 25, 2004, and ran for twenty-one days, until Petitioner filed a Rule 3.850 Motion for Post Conviction Relief in the state circuit court on April 14, 2004, pursuant to the mailbox rule.[4] Ex. E. The motion was denied in an Order Denying Defendant's Motion for Post Conviction Relief

---

[4] On May 2, 2004, pursuant to the mailbox rule, Petitioner filed a state habeas petition in the First District Court of Appeal. Ex. G. It was denied on July 8, 2004. McDannold v. State, 876 So.2d 1267 (Fla. 1st DCA 2004) (per curiam). It falls completely within the time frame of the Rule 3.850 litigation; therefore, it does not extend the tolling period.

entered on August 22, 2006.[5] Appendix attached to the Petition (Doc. #1). On May 17, 2007, the First District Court of Appeal affirmed the decision of the circuit court. McDannold v. State, 959 So.2d 320 (Fla. 1st DCA 2007) (per curiam). The mandate issued on July 31, 2007. Ex. F. Petitioner sought discretionary review in the Supreme Court of Florida, id., but it was denied on October 10, 2007. McDannold v. State, 968 So.2d 557 (Fla. 2007). Thus, the limitations period was tolled through October 10, 2007.

The limitations period began to run on October 11, 2007, and expired on Monday, October 15, 2007. Petitioner did not file his federal habeas corpus Petition until November 5, 2007, pursuant to the mailbox rule. Thus, the Petition is untimely.

Petitioner, here, has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

---

[5] Petitioner argues that "after the denial of Petitioner's 3.850 Motion for Postconviction Relief in the Trial Court there should be added a 15 day period for a Motion for Rehearing." Reply at 2. Unfortunately for Petitioner, however, adding a fifteen-day period after the denial of the Rule 3.850 motion on August 22, 2006, concludes with a date of September 6, 2006. This time period is completely contained within the period already calculated as tolled from April 14, 2004 (the date of the filing of the Rule 3.850 motion) through the denial of the petition for discretionary review, October 10, 2007. Thus, it does not extend the tolling period since it is completely contained within the period already tolled regarding the litigation of the Rule 3.850 motion.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' March 3, 2008, Answer Requesting Dismissal With Prejudice of Untimely Petition for Writ of Habeas Corpus (Doc. #10) is **GRANTED**.

2. The case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10TH day of September, 2008.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 9/3
c:
Robert E. McDannold
Ass't Attorney General (Pate)

6